JOHN MOOR *vs.* *The Inhabitants of* CORNVILLE.

A surveyor of highways cannot maintain an action against the town for services in building a bridge across the highway within his district, without the consent or knowledge of the selectmen; although the inhabitants of such town had passed over the bridge in travelling the road.

THE case came before the Court on an agreed statement of facts.

The action was assumpsit, upon an account annexed to the writ, for materials found and labor furnished in the building of a bridge across cold stream in the town of *Cornville,* to the amount of $26,05. The plaintiff was duly chosen and sworn, as surveyor of highways for that town, on the first *Monday* of *March,* 1832, and on the 19th of the same month, the selectmen duly assigned to him his limits, including the bridge in question. On the 22d of *May* following the bridge was carried away and destroyed by a sudden freshet. At this time the tax bills were not committed to the plaintiff, who, without consulting or applying to the selectmen, or giving them any notice, proceeded to repair the bridge by the labor of himself and others employed by him. For that labor and the materials used upon the bridge this action is brought. The plaintiff demanded of said inhabitants payment for his services within thirty days of the time they were performed; and the inhabitants have constantly used said bridge by passing and re-passing it from the time of its erection until the commencement of this suit. The bills of the highway taxes in his district had afterwards been committed to the plaintiff, and he had not returned them, when the action was commenced. The question submitted to the court was, whether the plaintiff, upon these facts, could maintain the action.

*D. Kidder,* for the plaintiff.

It was the duty of the plaintiff, as surveyor of highways, to repair the road within his district, and this ought to entitle him to payment. But here the case shews, that the inhabitants of the town have used the bridge constantly since the time it was built by the plaintiff. This brings him precisely within the cases of *Hayden* v. *Madison,* 7 *Greenl.* 76; and *Abbott* v. *Hermon,* *ibid,* 118.

*Hutchinson*, for the defendants.

The plaintiff did not pursue the course pointed out by the statute, and therefore is not aided by his being a surveyor of highways. *Haskell v. Knox*, 3 *Greenl.* 445. Here was a road and bridge, and they were no more used by individuals in *Cornville*, than those belonging to other towns. They were not to be prevented from travelling the road by the acts of the plaintiff. The cases cited were, where the plaintiffs had made special contracts, and had not fulfilled them to the letter of the contract. The use of the property was held to be an acceptance of the work. The plaintiff had enough in his hands to do this work, and had he returned his bills, that fact would have appeared.

The action was continued for advisement, and the opinion drawn up by

WESTON C. J. — The law has made ample provision for such an exigency, as happened in the case before us. If the ordinary means, subject to the control of the surveyor, proved insufficient, he had a right, with the consent of the selectmen, or the major part of them, to employ the inhabitants of the town, who would be entitled to be reimbursed from the town treasury. Failing to pursue this mode, he acted without any authority whatever. *Haskell v. Knox*, 3 *Greenl.* 445.

The counsel for the plaintiff relies upon two cases cited from our own reports. In *Hayden v. Madison*, 7 *Greenl*, 76, the plaintiff had performed services upon a special contract, with which he had not strictly complied. One half the stipulated price was to be paid, upon the completion of the road. As the town paid this, they were deemed to have accepted what was done, and to have waived their right to require a strict performance.

In *Abbot v. The third school district in Hermon*, the plaintiff had built a school house under the direction of certain persons, acting as a committee of the district, who had not been regularly chosen. It had been occupied by a school for three successive winters, the last under the authority of the school agent for the district. This was regarded as sanctioning what had been previously done ; and as an acceptance of the house, by an agent duly

authorized. It was a ratification of what had been procured by agents, whose legal authority was liable to objection.

The plaintiff here stepped aside from the path of official duty, which had been plainly and clearly pointed out, and seeks to impose an obligation upon the town, based upon this irregular and unauthorized course of proceeding. The law required him to act under the advice of the selectmen, the prudential agents of the town. This, he entirely disregarded. The bridge having been placed across a stream in the highway, must necessarily be used by all persons, having occasion to travel in that direction. We cannot regard this use as raising an obligation to pay for the bridge on the part of the town, under the circumstances. It would have the effect to encourage a departure from the law, which has regulated and prescribed the duties and liabilities of towns, in relation to highways.

*Judgment for the defendants.*